**N. BREZNER & CO., Inc., v. UNITED STATES.**

**HERMAN HOLLANDER, Inc., v. AMERICAN-HAWAIIAN S. S. CO. et al.**

District Court, S. D. New York.

Oct. 10, 1945.

Bigham, Englar, Jones & Houston, of New York City, for libellants.

John F. X. McGohey, U. S. Atty., of New York City, for the United States in Brezner case.

Lloyd, Decker, Williams & Knauth, of New York City, for respondent American-Hawaiian S. S. Co.

John F. X. McGohey, of New York City (Lloyd, Decker, Williams & Knauth, of New York City, of counsel), for the United States in Hollander case.

HULBERT, District Judge.

This is a motion to consolidate two suits in Admiralty which involves two separate cargoes shipped on the S.S.Minnesotan, owned by the respondent, American-Hawaiian Steamship Company and chartered by the United States of America.

The first libel was filed in this court July 21, 1943, by Herman Hollander, Inc., against both respondents. Answers were interposed and the case is No. 56 on our Admiralty Reserve Calendar.

Messrs. Lloyd, Decker, Williams & Knauth are proctors for both respondents.

This case involves a claim for damage to a shipment of 75 bales of dry salted hides made by Cape Produce Export Co. (Pty) Ltd., under bill of lading dated at Capetown, June 15, 1942, consigned to the order of the Chemical Bank & Trust Company at New York. This shipment was discharged in the early part of August, 1942, at Baltimore, where it was loaded into car A.C.L. 55849. Western Maryland Railway issued a clean bill of lading covering

the shipment in question to Samuel Shapiro & Co., Inc., as agents for the consignee, by which the Railroad Company agreed to transport said shipment to Nashua, N. H., and there deliver it to libellant "notify Granite State Tanning Co."

Thereafter a libel was filed on July 28, 1943, by N. Brezner & Co., Inc., against the same respondents in the United States District Court for the District of Massachusetts.

The proctors for the respondents in the suit pending in this court did not appear for the respondents in the Massachusetts cause. That case involves a claim for damages to three shipments of dry salted hides also shipped by Cape Produce Co. (Pty) Ltd., under bills of lading dated at Durban, May 30, 1942, Port Elizabeth, June 4, 1942, and Capetown, June 15, 1942, respectively, all consigned to the order of the Standard Bank of South Africa, Ltd., at Boston. These hides were also discharged at the port of Baltimore and loaded into car I.C.#17614. Western Maryland Railway Company also issued a clean bill of lading covering these hides to Edmond Weil, Inc., by which Railroad Company agreed to transport them to Penacook, N. H., and there to deliver them to the order of Edmond Weil, Inc., "notify N. Brezner & Co. Inc., c/o Brezner Tanning Co."

After issue was joined in the Massachusetts case, libellant moved for a severance of the suit against the United States of America, which was granted, and then moved to transfer the suit as to that defendant, to this court, which was granted by order dated Jan. 25, 1945, and it is now here pursuant thereto. Therefore, the suit of Brezner & Co., Inc., against American-Hawaiian Steamship Company is still pending undetermined in Massachusetts.

No point is made that the shipments in question were diverted from the point of original destination.

The testimony of Robert S. Gale, a Boston Surveyor, has been taken; he testified he examined the shipments of hides after arrival at Nashua and Penacook, respectively, more than a month after discharge at Baltimore and found each shipment in a rather damaged condition.

The shipment in the New York case was stowed in No. 2 and No. 3 holds of the ship; in the Massachusetts case, in No. 1, 2, 4, 5 and 6 holds.

In the New York case the taking of depositions has proceeded, and, except for one absent witness expected to appear before the case is called for trial, will be ready when reached.

It is urged in opposition to this motion, that in the Massachusetts case it will be necessary to take additional proof to show the condition of the holds of the "Minnesotan" where the cargo in that case was stowed and to show delivery of the Brezner cargo against a clean receipt at Baltimore. Besides the Boston claim here is against the United States of America only while the New York case involves both respondents, and the trial thereof will still leave the Boston case undecided.

The motion is addressed to the sound discretion of the court, which does not feel that the facts set forth in the motion papers are sufficient to motivate it to grant the relief prayed for. On the contrary, it would seem that the motion, if granted, would be likely to prejudice the respondents. Settle order on notice.